# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES, | Civil Action No. 04-CV-1496<br>Hon. Joseph J. Farnan, Jr. |
| Appellants, | Appeal from<br>Bankruptcy Case No. 02-10429 |
| v. | Consolidated with the appeal in<br>*In re The Flintkote Co., et al.,*<br>Bankr. Case Nos. 04-11300 & 04-12440<br>D. Del. Case No. 04-CV-1521 |
| BARON & BUDD, P.C., and SILBER PEARLMAN, LLP, | |
| Appellees. | |
| IN RE: | Chapter 11 |
| KAISER ALUMINUM CORP., *et al.* | Case Nos. 00-3837 – 3854 (JKF)<br>(Jointly Administered) |
| Debtors. | |

Dated: April 6, 2005

## JOINDER OF APPELLEES BARON & BUDD, P.C., AND SILBER PEARLMAN, LLP IN THE *KAISER ALUMINUM* APPEAL TO THEIR BRIEF IN THE CONSOLIDATED *FLINTKOTE* APPEAL

SMITH, KATZENSTEIN & FURLOW, LLP.

Kathleen M. Miller (ID no. 2898)
The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 654-8405

**ATTORNEYS FOR BARON & BUDD, P.C.
AND SILBER PEARLMAN, LLP
(in Appeal from the *Kaiser Aluminum* Order
but not the Corresponding Order in Flintkote)**

BARON & BUDD, P.C.

Alan B. Rich
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

The law firms of Baron & Budd, P.C. and Silber Pearlman, LLP (collectively, "Appellees"), attorneys for various tort victims with claims in the *Kaiser Aluminum* case,[1] hereby join[2] in their brief filed in the consolidated *Flintkote* appeal by their separate counsel in the *Flintkote* case (the "*Flintkote* Brief"). These consolidated appeals concern functionally identical orders entered by the bankruptcy court, Honorable Judith K. Fitzgerald, in two separate bankruptcy cases: *In re Kaiser Aluminum Corp., et al.*, Bankr. Case No. 02-10429 and *In re The Flintkote Co., et al.*, Bankr. Case No. 04-11300. Baron & Budd, P.C., and Silber Pearlman, LLP, are Appellees in both cases, but are represented by different counsel in each case. This joinder is submitted solely in connection with the appeal in *Kaiser Aluminum*. By this filing, Appellees join the arguments advanced in the *Flintkote* Brief. Appellees, through their counsel in *Kaiser Aluminim*, write separately only to briefly highlight the applicability of the arguments advanced in the *Flintkote* Brief to the *Kaiser Aluminum* case.

The factual circumstances prevailing in *Kaiser Aluminum* may differ somewhat from the specific circumstances of *Flintkote*, but such differences detract neither from the soundness nor the applicability of the arguments advanced in defense of the Rule 2019 Orders in the *Flintkote* Brief. While all cases are—to some extent—distinguishable on their facts, counsel representing tort claimants in asbestos bankruptcies should expect the equal and consistent application of Rule 2019. All the cases in which the Bankruptcy Court entered Rule 2019 Orders involve debtors seeking bankruptcy protection as a result of crushing mass tort liability, facing a significant

---

[1] Appellees have both filed Rule 2019 Statements in Kaiser Aluminum, in compliance with the Rule 2019 Order. *See* Amended Verified Statement of Baron & Budd, P.C. under Rule 2019 (Bankr. D.I. 5690) (attached as Exhibit A) and Verified Statement of Silber Pearlman, LLP. under Rule 2019 (Bankr. D.I. 5692) (attached as Exhibit B).

[2] In connection with the appeal in the *Kaiser Aluminum* case by Certain Underwriters at Lloyd's, London, and Certain London Market Insurers (collectively, the "London Market Insurers" or "Appellants") from the "Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019" (the "Rule 2019 Order", D.I. 5255) entered by the United States Bankruptcy Court for the District of Delaware on October 25, 2004. A true and correct copy of the *Kaiser Aluminum* 2019 Order is attached as Exhibit C for the Court's convenience.

constituency of tort victims, and seeking the ongoing protection of 11 U.S.C. § 524(g) to allow them, upon reorganization, to channel asbestos liability to a trust created for the orderly payment of present and future claims. Most involve adverse insurance parties such as Appellants who seek to cripple the orderly reorganization process in the hope of scuttling the creation of a 525(g) trust. Some are "free-fall" bankruptcies like *Kaiser Aluminum* where plans of reorganization must be proposed and fought over in the cauldron of an actively litigated case (e.g. *Owens Corning*, *W.R. Grace* and *Pittsburgh Corning*). Others are "prepackaged" where the Plan has been negotiated and votes solicited pre-petition (e.g. *ACandS*, *Combustion Engineering*).[3] At the core, all of the cases in which Rule 2019 Orders were entered are mass tort bankruptcy cases in which debtors seek the protection of § 524(g).

The 2019 Order entered in *Kaiser Aluminum* is identical to the 2019 Order entered in *Flintkote*. The arguments on the merits advanced in the *Flintkote* Brief apply with equal force here. More importantly, Appellants suffer from the same fatal deficiencies in appellate standing in *Kaiser Aluminum* as in *Flintkote*. *Kaiser Aluminum* may be at a slightly more advanced stage of the reorganization process than *Flintkote*,[4] but any alleged injury to Appellants sufficient to allow this appeal to proceed is just as much a matter for speculation and conjecture. The cases involve the same core issues, the same essential factual scenario, the same legal questions, the

---

[3] The cases are all at different stages of the process, some have been filed only recently (e.g. *Flintkote*), some are of several years vintage and remain mired in contentious wrangling over the possible form of reorganization not yet reduced to a formal plan (e.g. *Kaiser Aluminum*) or over the specifics of proposed plans that have not yet been put to a vote (e.g. *Owens Corning*), others are in the middle of the confirmation process (e.g. *Pittsburgh Corning*) and others are post-confirmation and on appeal (e.g. *ACandS*). Together, the Delaware/Western Pennsylvania cases cover a broad spectrum of mass tort reorganization cases, and yet a common approach to Rule 2019 serves all those cases well. The limited, specific, enumerated disclosure requirements at the core of Rule 2019 do not vary from one mass tort bankruptcy to another. No divergence in approach is necessary and, indeed, the *less* divergence between cases, the easier it is for plaintiffs' law firms (who often represent mass tort claimants in multiple bankruptcy cases) to comply with Rule 2019.

[4] Although Appellants acknowledge, as they must, that the Debtors in *Kaiser Aluminum* have not yet proposed a plan of reorganization. Appellants' Brief at 11.

same appellate parties, and many of the same. Differences exist at the margins, but no factors unique to *Kaiser Aluminum* improve Appellants' position on either the threshold issue of standing or the merits of this appeal, nor detract from the advisability of the uniform approach to Rule 2019 disclosure embodied in the Rule 2019 Orders.

THEREFORE, for the above stated reasons and for the reasons set forth in the *Flintkote* Brief, the Appellees respectfully request that this Court affirm the Rule 2019 Order entered in the *Kaiser Aluminum* case.

Dated: April 6, 2005

SMITH, KATZENSTEIN & FURLOW, LLP.

/s/ Kathleen M. Miller
Kathleen M. Miller (ID no. 2898)

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 654-8405

ATTORNEYS FOR BARON & BUDD, P.C.
AND SILBER PEARLMAN, LLP
(in Appeal from the *Kaiser Aluminum*
Order but not the Corresponding
Order in Flintkote)
*and*

BARON & BUDD, P.C.

Alan B. Rich
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NOS. 02-10429-10443 (JKF) |
| KAISER ALUMINUM CORPORATION, | § | |
| et al. | § | (CHAPTER 11) |
| DEBTORS. | § | |

---

## AMENDED VERIFIED STATEMENT
## OF BARON & BUDD, P.C. UNDER BANKRUPTCY RULE 2019

---

I, Alan B. Rich, a representative of Baron & Budd, P.C., declare as follows:

1.      I am a shareholder of the law firm of Baron & Budd P.C. (hereinafter the "Firm").
I am a member in good standing of the bar of the state of Texas.

2.      I have personal knowledge of the facts set forth herein.  I make this Verified
Statement ("Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure and
the Court's Order of October 22, 2004.

3.      The Firm is a professional corporation organized under the laws of the state of Texas,
with offices for the practice of law located at 3102 Oak Lawn Avenue, Suite 1100, Dallas, Texas
75219-4281.

4.      As of the date of this Verified Statement, the Firm represents thousands of personal
injury claimants (the "Claimants" or individually "Claimant") who have been injured by asbestos or
silica products manufactured, marketed, distributed, sold, or produced by Debtors and others, and
thus hold claims against, *inter alia*, the Debtors.

5.      Pursuant to the Court's Order this Statement is filed without the exhibits, which are
being provided in CD format to the Clerk of the Court, counsel for the Debtors and the United States
Trustee.  The exhibits consist of (a) blank, but unredacted, exemplars, of each form of agreement or

instrument whereby the Firm is empowered to act on behalf of Claimants, and (b) an Excel spreadsheet in electronic format containing the following data: the name and address of each Claimant, a space reserved for the social security number, the identification of the exemplars, the amount of each liquidated claim or indication that the claim is unliquidated, the date of acquisition of the claim, the type of disease giving rise to the claim, and the pertinent facts related to employment of the Firm.

6.    The nature of the claim held by each Claimant is a personal injury tort claim for damages caused by asbestos or silica products manufactured by the Debtors.

7.    Since the Claimants were exposed to asbestos or silica products manufactured by the Debtors more than one year prior to the filing of the above-captioned bankruptcy case, each of the Claimants may have "acquired" his or her claim more than one year prior to the filing of this bankruptcy case. The Claimants affirmatively assert that the statutes of limitations applicable to their claims did not begin to run on the date of exposure and reserve all procedural and substantive rights pertaining to their claims.

8.    The Claimants are represented by the Firm under a fee agreement which is subject to the attorney-client privilege. The Firm holds each such instrument as executed between the parties.

9.    The Firm does not hold any claims against or interests in the Debtors, excepting what some could characterize as a beneficial interest (a contingent fee) in certain judgments for asbestos or silica personal injuries of some the Firm's clients.

10.    The filing of the Firm's Verified Statement does not waive any rights including (i) the Claimants' rights to have final orders in non-core matters entered only after *de novo* review by a district judge; (ii) the Claimants' rights to trial by jury in any proceeding and any trial on their

claims, (iii) the Claimants' rights to have the reference withdrawn by the District court in any matter subject to mandatory or discretionary withdrawal or abstention to the extent not previously directed; (iv) the Claimants' rights in not submitting themselves to the jurisdiction of the Bankruptcy Court; or (v) any other rights, claims, actions, defenses, reclamations, setoffs, or recoupments to which the Claimants are or may be entitled under any agreements, in law or in equity, all of which rights, claims, actions, defenses, reclamations, setoffs, and recoupments the Firm's Claimants expressly reserve.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 17, 2004, at Dallas, Texas.

Alan B. Rich, Esq.

BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
(214) 521-3605 Telephone
(214) 520-1181 Facsimile

# Exhibit B

ORIGINAL

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                              )
                                    )       Chapter 11
KAISER ALUMINUM, et al.,            )
                                    )       Case No. 02-10429 (JKF)
        Debtors.                    )       And all related actions
                                    )

---

## VERIFIED STATEMENT OF SILBER PEARLMAN, LLP
## UNDER BANKRUPTCY RULE 2019

---

I, Michael J. Hanners, a representative of Silber Pearlman, LLP, declare as follows:

1.      I am an associate of the law firm of Silber Pearlman, LLP (hereinafter the "Firm"). I am a member in good standing of the bar of the state of Texas.

2.      I have personal knowledge of the facts set forth herein. I make this Verified Statement ("Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure and the Court's Order of October 22, 2004.

3.      The Firm is a professional corporation organized under the laws of the state of Texas, with offices for the practice of law located at 2711 N. Haskell Ave., 5th Floor, Dallas, Texas 75204-2911.

4.      As of the date of this Verified Statement, the Firm represents thousands of personal injury claimants (the "Claimants" or individually "Claimant") who have been injured by asbestos products manufactured, marketed, distributed, sold, or produced by Debtor and others, and thus hold claims against, *inter alia*, the Debtor.

5.      Pursuant to the Court's Order this Statement is filed without the exhibits, which are being provided in CD format to the Clerk of the Court, counsel for the Debtor and the United States

**VERIFIED STATEMENT OF SILBER PEARLMAN, LLP UNDER BANKRUPTCY RULE 2019 - Page 1**
17DEC2004 / 5002181.1A

Trustee. The exhibits consist of (a) blank, but unredacted, exemplars, of each form of agreement or instrument whereby the Firm is empowered to act on behalf of Claimants, and (b) an Excel spreadsheet in electronic format containing the following data: the name and address of each Claimant, a space reserved for the social security number, the identification of the exemplars, the amount of each liquidated claim or indication that the claim is unliquidated, the date of acquisition of the claim, the type of disease giving rise to the claim, and the pertinent facts related to employment of the Firm.

6.      The nature of the claim held by each Claimant is a personal injury tort claim for damages caused by asbestos products manufactured by the Debtor.

7.      Since the Claimants were exposed to asbestos products manufactured by the Debtor more than one year prior to the filing of the above-captioned bankruptcy case, each of the Claimants may have "acquired" his or her claim more than one year prior to the filing of this bankruptcy case. The Claimants affirmatively assert that the statutes of limitations applicable to their claims did not begin to run on the date of exposure and reserve all procedural and substantive rights pertaining to their claims.

8.      The Claimants are represented by the Firm under a fee agreement which is subject to the attorney-client privilege. The Firm holds each such instrument as executed between the parties.

9.      The Firm does not hold any claims against or interests in the Debtor, excepting what some could characterize as a beneficial interest (a contingent fee) in certain claims, settlements and/or judgments for asbestos personal injuries of some of the Firm's clients.

10.     The filing of the Firm's Verified Statement does not waive any rights including (i) the Claimants' rights to have final orders in non-core matters entered only after *de novo* review by

a district judge; (ii) the Claimants' rights to trial by jury in any proceeding and any trial on their

claims, (iii) the Claimants' rights to have the reference withdrawn by the District court in any matter

subject to mandatory or discretionary withdrawal or abstention to the extent not previously directed;

(iv) the Claimants' rights in not submitting themselves to the jurisdiction of the Bankruptcy Court;

or (v) any other rights, claims, actions, defenses, reclamations, setoffs, or recoupments to which the

Claimants are or may be entitled under any agreements, in law or in equity, all of which rights,

claims, actions, defenses, reclamations, setoffs, and recoupments the Firm's Claimants expressly

reserve.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on December 17, 2004, at Dallas, Texas.

**SILBER PEARLMAN, LLP**


By: _____
Michael J. Hanners

Cityplace Center East – 5th Floor
2711 N. Haskell Ave., LB 32
Dallas, TX  75204-2911
214-874-7000
214-824-8100 fax

ATTORNEYS FOR CERTAIN ASBESTOS PLAINTIFFS

STATE OF T E X A S     §
                      §     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF DALLAS     §

Before me, the undersigned authority, on this day personally appeared Michael J. Hanners,

known to me to be the person whose name is subscribed to the foregoing instrument and

acknowledged to me that he executed the same for the purposes therein expressed.

Given under my hand and seal of office this 17th day of December, 2004.



_____
Notary Public in and for the State of Texas

_____
Printed or Typed Name of Notary

My Commission expires:

_____

ORIGINAL

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KAISER ALUMINUM, et al., | ) | Case No. 02-10429 (JKF) |
| | ) | And all related actions |
| Debtors. | ) | |
| | ) | |

**NOTICE OF FILING VERIFIED STATEMENT**
**UNDER BANKRUPTCY RULE 2019**

PLEASE TAKE NOTICE that on December 17, 2004, the Verified Statement of Silber

Pearlman, LLP Under Bankruptcy Rule 2019 was filed pursuant to the Court's Order of October

22, 2004. Exhibits have not been scanned but may be accessed by parties who obtain Court order

authorizing access.

On December 17, 2004, true copies of this Notice were served by United States mail, postage

prepaid, upon the parties on the Official Service List.

DATED:  December 17, 2004.

**SILBER PEARLMAN, LLP**

By:  _____
Michael J. Hanners

Cityplace Center East – 5th Floor
2711 N. Haskell Ave., LB 32
Dallas, TX 75204-2911
214-874-7000
214-824-8100 fax

ATTORNEYS FOR CERTAIN ASBESTOS PLAINTIFFS

ORIGINAL

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                              )
                                    )       Chapter 11
KAISER ALUMINUM, et al.,            )
                                    )       Case No. 02-10429 (JKF)
          Debtors.                  )       And all related actions
                                    )

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of SILBER PEARLMAN, LLP's

Notice of Filing Verified Statement Under Bankruptcy Rule 2019 was served on all parties of the

official service list in this matter. Due to the voluminous nature of the service list, this office has

not attached a copy of the service list hereto, however, will make copies available to any party upon

request. Said service was completed via United States First Class Mail, postage prepaid, on this 17th

day of December, 2004.

**SILBER PEARLMAN, LLP**


By: _____
       Michael J. Hanners

Cityplace Center East – 5th Floor
2711 N. Haskell Ave., LB 32
Dallas, TX 75204-2911
214-874-7000
214-824-8100 fax

ATTORNEYS FOR CERTAIN ASBESTOS PLAINTIFFS

# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____x | ) | In Proceedings for a |
| In re: | ) | Reorganization under |
|  | ) | Chapter 11 |
| KAISER ALUMINUM CORPORATION, | ) |  |
| a Delaware corporation, | ) |  |
|  | ) | Case No.: 02-10429 (JKF) |
| Debtor | ) |  |
| _____ | ) |  |
| In re: | ) |  |
|  | ) |  |
| KAISER ALUMINUM & CHEMICAL | ) |  |
| CORPORATION, | ) |  |
| a Delaware corporation, | ) |  |
|  | ) | Case No.: 02-10430 (JKF) |
| Debtor | ) |  |
| _____ | ) |  |
| In re: | ) |  |
|  | ) |  |
| AKRON HOLDING CORPORATION, | ) |  |
| an Ohio corporation, | ) |  |
|  | ) | Case No.: 02-10431 (JKF) |
| Debtor | ) |  |
| _____ | ) |  |
| In re: | ) |  |
|  | ) |  |
| KAISER ALUMINA AUSTRALIA | ) |  |
| CORPORATION, | ) |  |
| a Delaware corporation, | ) |  |
|  | ) | Case No.: 02-10432 (JKF) |
| Debtor | ) |  |
| _____ | ) |  |
| In re: | ) |  |
|  | ) |  |
| KAISER ALUMINUM & CHEMICAL | ) |  |
| INVESTMENT, INC., | ) |  |
| a Delaware corporation, | ) |  |
|  | ) | Case No.: 02-10433 (JKF) |
| Debtor | ) |  |
| _____ | ) |  |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAISER ALUMINUM INTERNATIONAL, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | Case No.:  02-10434 (JKF) |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAISER ALUMINUM PROPERTIES, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | Case No.:  02-10435 (JKF) |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAISER ALUMINUM TECHNICAL SERVICES, INC. | ) | |
| a Delaware corporation, | ) | |
| | ) | Case No.:  02-10436 (JKF) |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAISER BELLWOOD CORPORATION | ) | |
| a Delaware corporation, | ) | |
| | ) | Case No.:  02-10437 (JKF) |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAISER FINANCE CORPORATION | ) | |
| a Delaware corporation, | ) | |
| | ) | Case No.:  02-10438 (JKF) |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAISER MICROMILL HOLDINGS, LLC | ) | |
| a Delaware corporation, | ) | |
| | ) | Case No.:  02-10439 (JKF) |
| Debtor | ) | |

RLF1-2800164-1

In re:                                                )
                                                      )
KAISER  SIERRA MICROMILLS, LLC                        )
a Delaware limited liability company                  )
                                                      )       Case No.: 02-10441 (JKF)
                Debtor                                )
                                                      )
_____                )
                                                      )
In re:                                                )
                                                      )
KAISER TEXAS SIERRA MICROMILLS, LLC                   )
a Texas limited liability company                     )
                                                      )       Case No.: 02-10442 (JKF)
                Debtor                                )
                                                      )
_____                )
                                                      )
In re:                                                )
                                                      )
KAISER TEXAS MICROMILL HOLDINGS,                      )
LLC,                                                  )
a Texas limited liability company                     )
                                                      )       Case No.: 02-10440 (JKF)
                Debtor                                )
                                                      )
_____                )
                                                      )
In re:                                                )
                                                      )
OXNARD FORGE DIE COMPANY, INC.                        )
a California corporation,                             )
                                                      )       Case No.: 02-10443 (JKF)
                Debtor                                )
                                                      )

## REVISED ORDER REQUIRING FILING OF STATEMENTS
## PURSUANT TO FED. R. BANKR. P. 2019

     **AND NOW**, this __25th__ day of ___October__, 2004, it is **ORDERED** that the
Amendatory Order Requiring Filing of Statements Pursuant to Fed.R.Bankr.P. 2019 entered on
August 27, 2004 is hereby amended and replaced in full as follows:

     Within 60 days from the date of this order, except with respect to a committee
appointed pursuant to §1102 or §1114 of the Bankruptcy Code, any entity or committee
representing more than one creditor or equity security holder and any indenture trustee that has

-3-

RLF1-2800164-1

entered an appearance, filed a claim, cast a ballot or taken any other affirmative action to participate in the Debtor's bankruptcy case in any way shall file with the Clerk a statement (a "2019 Statement") containing the information described below;

It is further **ORDERED** that, except with respect to a committee appointed pursuant to §1102 or §1114 of the Bankruptcy Code, any entity or committee that represents more than one creditor or equity security holder and any indenture trustee that enters an appearance, files a claim, casts a ballot or takes any other affirmative action to participate in the Debtor's bankruptcy case in any way for the first time after the date of this Order shall, within 10 days of such action, electronically file with the Clerk a 2019 Statement containing the information described below;

It is further **ORDERED** that the docket entry of the statement that is filed shall state that Exhibits (as described below) have not been scanned into the docket but are available upon motion to and order of the Court. The docket entry shall be in substantially the following format:

> Verified Statement Pursuant to Fed.R.Bankr.P. 2019 filed by ([INSERT FILING ENTITY'S NAME]. Exhibits have not been scanned but may be accessed by parties who obtain Court order authorizing access.

It is further **ORDERED** that exhibits required to be filed and listed below shall **not** be electronically filed but shall be submitted to the Clerk on compact disk ("CD"). Two sets of CDs shall be submitted and shall be identified on their faces as "Set 1" and "Set 2" and shall note the name, address, and telephone number of the attorney submitting the disks.

It is further **ORDERED** that the 2019 Statement shall be a verified statement identifying the name and address of the entity filing such statement and that includes the following exhibits:

1. A blank, but unredacted, exemplar or an actual copy, of each form of agreement or instrument, if any, whereby such entity is empowered to act on behalf of creditors or equity security holders in this case;

RLF1-2800164-1

2. An Excel spreadsheet in electronic format in substantially the form attached hereto as Exhibit A containing the following data:

      a. name of each creditor or equity security holder represented by the entity filing the 2019 Statement;

      b. the personal address of each such creditor or equity security holder;

      c. reserved space for the social security number or other identifier as may be required by a further order of the Court;

      d. identification of the form of exemplar referenced in item #1 above executed by the creditor or equity security holder, and the date such agreement was executed;

      e. the amount of the claim of any creditor if liquidated, and for unliquidated claims, an indication that such claims are unliquidated;

      f. the date of acquisition of the creditor's claim unless such claim was acquired beyond one year prior to the filing of the Debtor's petition for relief;

      g. for personal injury claimants, the type of disease giving rise to the claim; and for all other claimants, the nature of the claim or interest; and

      h. a recital of the pertinent facts and circumstances in connection with the employment of the entity or indenture trustee, and, in the case of a committee, the name or names of the entity or entities at whose instance directly or indirectly the employment was arranged or the committee was organized or agreed to act;

3. With reference to the time of the employment of the entity, the organization or formation of the committee, or the appearance in the case of any indenture trustee, a statement of

      a. the amounts of claims or interests owned by the entity, the committee members or the indenture trustee;

      b. the times when acquired;

      c. the amounts paid therefor, and

d.  any sales or other disposition thereof;

It is further **ORDERED** that upon filing a 2019 Statement with the Clerk, each entity filing a 2019 Statement shall electronically file the 2019 Statement without exhibits, and shall provide all exhibits on CD's only to the Clerk, who shall maintain the exhibits without putting them into the electronic database;

It is further **ORDERED** that each entity filing a 2019 Statement shall serve a copy of the 2019 Statement that includes all exhibits on CD's on the Debtor and the United States Trustee, who shall keep such exhibits confidential and shall not release the exhibits to any party without further Order of Court;

It is further **ORDERED** that each entity filing a 2019 Statement or a Supplement thereto shall serve a notice of filing a 2019 Statement or Supplement, as the case may be, on all parties on the Official Service List;

It is further **ORDERED** that filing and updating as necessary a 2019 Statement that complies with this Order, as it may be amended from time to time, shall be deemed to be complete compliance with Bankruptcy Rule 2019 for all purposes in this case;

It is further **ORDERED** that the Debtor shall maintain copies of the 2019 Statements and shall make them available for inspection and copying as directed by the Court from time to time;

It is further **ORDERED** that entities shall supplement their 2019 Statements, as necessary, every 90 days, covering any material changes of fact occurring up to 30 days prior to such supplemental filing of the 2019 Statement;

It is further **ORDERED** that any entity that fails to comply with the terms of this Order may be subject to appropriate sanctions as the Court may determine;

It is further **ORDERED** that when this case is closed, the Clerk shall archive the 2019 Statements and Supplements with the case file;

-6-

It is further **ORDERED** that the Debtor or counsel for the Debtor shall serve a copy of this Order on the Official Service List; on all entities who have entered, or in the future enter, an appearance or have requested, or in the future request, notices in the case; the United States Trustee; and on persons or entities or any supplemental service lists used to notify attorneys for claimants with asbestos, silica and/or mixed dust personal injuries or property damage claims, and file a certificate of service with the Clerk of the Bankruptcy Court within ten (10) days hereof.

Judith K. Fitzgerald
U.S. Bankruptcy Judge

–7–

| First Name and middle initial of creditor equity security holder | Last Name | Street Address | City | State | Zip Code | Reserved | Form of agreement instrument empowering entity to act on behalf of creditors or equity security holders | Amount of claim of creditor if liquidated (claim is presumed to be unliquidated if blank) | Date of acquisition of creditor's claim if acquired within 1 year prior to date of filing of bankruptcy | For personal injury claimants, type of disease and for all other claimants, the nature of the claim or interest | Pertinent facts & circumstances regarding employment of counsel or indenture trustee, and in the case of a committee, the name or names of the entity at whose instance directly or indirectly the employment was arranged or the committee was organized or agreed to act (reference additional exhibits if necessary) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Case Nos. 02-10818 through 02-10819, 03-15502 | | |

RLF1-2800168-1