IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : Chapter 11 |
| | : |
| KAISER ALUMINUM CORP., et al.,: | Bankr. Case No. 02-10429-JKF |
| et al., | : |
| | : |
| Debtors. | : |

---

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON and CERTAIN
LONDON MARKET INSURANCE
COMPANIES,

     Appellants,

    v.

FUTURE ASBESTOS CLAIM
REPRESENTATIVE, BARON & BUDD
PC, SILBER PEARLMAN, LLP,
OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS,
BRAYTON PURCELL,

     Appellees.

: **CONSOLIDATED**
: Civ. Act. No. 04-1496-JJF (LEAD)

---

IN RE:  THE FLINTKOTE CO.,
et al.,

     Debtors.

: Bankr. Case No. 04-11300-JKF
:                    04-12440-JKF

---

LONDON MARKET INSURANCE
COMPANIES,

     Appellant,

    v.

BARON & BUDD PC, SILBER
PEARLMAN LLP,

     Appellees.

: Civ. Act. No. 04-1521-JJF

Robert T. Aulgur, Jr., Esquire and Kristi J. Doughty, Esquire of
WHITTINGTON & AULGUR, Odessa, Delaware.
Of Counsel:  Phillip R. Matthews, Esquire of HANCOCK, ROTHERT &
BUNSHOFT, San Francisco, California.
Russell W. Roten, Esquire, Katherine M. Windler, Esquire and
Peter B. Ackerman, Esquire of COUDERT BROTHERS LLP, Los Angeles,
California.
Beverly Weiss Manne, Esquire and Michael A. Shiner, Esquire of
TUCKER ARENSBERG, P.C.
Fred L. Alvarez, Esquire, Mona M. Stone, Esquire and David C.
Butman, Esquire of LORD BISSELL & BROOK LLP, Chicago, Illinois.
Attorneys for Appellants, Certain Underwriters at Lloyd's, London
and Certain London Market Insurance Companies.

Kathleen M. Miller, Esquire of SMITH, KATZENSTEIN & FURLOW, LLP,
Wilmington, Delaware.
Of Counsel:  Alan B. Rich, Esquire of BARON & BUDD, P.C., Dallas,
Texas.
Attorneys for BARON & BUDD, PC and SILBER PEARLMAN, LLP (in
appeal from the Kaiser Aluminum Order).

Daniel K. Hogan, Esquire of THE HOGAN FIRM, Wilmington, Delaware.
Of Counsel:  Sander L. Esserman, Esquire and David A. Klingler,
Esquire of STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, Dallas, Texas.
Attorneys for BARON & BUDD, PC and SILBER PEARLMAN, LLP (in the
appeal from the Flintkote Order).

## O P I N I O N

July 28, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an appeal from the October 22, 2004 and the October 25, 2004 Revised Orders Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019 (the "Revised 2019 Orders") issued by the United States Bankruptcy Court for the District of Delaware in the Flintkote Co., et al. ("Flintkote") and Kaiser Aluminum Corp., et al. ("Kaiser") bankruptcy cases. For the reasons discussed, the Court will affirm the October 22, 2004 and October 25, 2004 Revised 2019 Orders issued by the Bankruptcy Court.

## I.   PARTIES' CONTENTIONS

By their appeal, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("Appellants") contend that the Bankruptcy Court erred in issuing Revised 2019 Orders in the Kaiser and Flintkote bankruptcies which (1) did not require law firms representing thousands of asbestos personal injury tort claimants in the underlying bankruptcy cases to file their powers of attorney or other empowering documents, and (2) made the information submitted pursuant to the Revised 2019 Orders unavailable on the public docket, except upon motion by a party and order of the Bankruptcy Court.  Appellants contend that the Revised 2019 Orders are appealable as final orders or appealable under the collateral order doctrine, because the information sought in the Rule 2019 Orders has bearing upon the plan

1

confirmation procedures and the ultimate fairness of the plan such that review should not be delayed.  Appellants also contend that they have standing to bring this appeal.  Appellants contend that they are "aggrieved persons" because the Revised 2019 Orders restrict their rights to access the information submitted under the Orders and require them to incur additional expenses to access the Rule 2019 information in the form of a motion before the Bankruptcy Court.

With respect to the substance of the Orders, Appellants contend that the Bankruptcy Court erred in permitting the law firms to file "exemplars" of their empowering documents rather than actual documents.  Appellants also contend that the Bankruptcy Court failed to make any factual findings to justify sealing the documents submitted under the Revised 2019 Orders.

In response, Appellees contend that Appellants lack standing to be heard in this appeal, because they are not directly and pecuniarily aggrieved by any aspect of the Revised 2019 Orders. Appellees contend that any injury Appellants might suffer is contingent and speculative.  Appellees also contend that Appellants' appeal is not ripe, because they have not moved for and been denied access to the Rule 2019 information by the Bankruptcy Court.  With regard to the substance of the Rule 2019 Orders, Appellees' contend that the Bankruptcy Court properly applied Rule 2019 to adhere to the purpose of the Rule, while

taking into consideration the complexities of mass tort-related
reorganizations.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the
Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking
a review of the issues on appeal, the Court applies a clearly
erroneous standard to the Bankruptcy Court's findings of fact and
a plenary standard to its legal conclusions.  See Am. Flint Glass
Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d
Cir. 1999).  With mixed questions of law and fact, the Court must
accept the Bankruptcy Court's finding of "historical or narrative
facts unless clearly erroneous, but exercise[s] 'plenary review
of the trial court's choice and interpretation of legal precepts
and its application of those precepts to the historical facts.'"
Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635,
642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes
& Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).  The appellate
responsibilities of the Court are further understood by the
jurisdiction exercised by the Third Circuit, which focuses and
reviews the Bankruptcy Court decision on a de novo basis in the
first instance.  In re Telegroup, 281 F.3d 133, 136 (3d Cir.
2002).

## III. DISCUSSION

Appellees have not challenged the finality of the Bankruptcy

3

Court's Revised 2019 Orders.  Nevertheless, the Court concludes
that under the pragmatic application of the finality concept used
in bankruptcy appeals it has jurisdiction to review the Rule 2019
Orders as final orders.  As the District Court for the District
of New Jersey recognized in <u>Baron & Budd, PC v. Unsecured</u>
<u>Asbestos Claimants Committee</u>, 321 B.R. 147, 156 (D.N.J. 2005),
the information sought by Rule 2019 Orders has an impact on the
plan confirmation procedures and the overall fairness of the plan
such that it is practical to permit review of the Rule 2019
orders before creditors vote on the confirmation of a plan.
Accordingly, the Court concludes that it has jurisdiction to
review the Bankruptcy Court's Revised 2019 Orders.

A.    <u>Whether Appellants Have Standing To Maintain This
      Appeal</u>

In the bankruptcy context, standing is limited to "persons
aggrieved" by an order of the Bankruptcy Court.  <u>In re Combustion</u>
<u>Engineering</u>, 391 F.3d 190, 214 & n.21 (3d Cir. 2004).  A person
is considered aggrieved for purposes of standing if his or her
"rights or interests are 'directly and adversely' affected
pecuniarily by an order or decree of the bankruptcy court."  <u>Id</u>.
Stated another way, the Appellants must show that the order of
the Bankruptcy Court "'diminishes their property, increases their
burdens or impairs their rights.'"  <u>Id.</u> at 214 (citations
omitted).  Standing is viewed more restrictively in the
bankruptcy context, because bankruptcy proceedings typically

4

involve a myriad of parties who are indirectly affected by every order issued by the bankruptcy court.  Id.; In re Fondiller, 707 F.2d 441, 443 (9th Cir. 1983).

Applying these principles in the context of this case, the Court concludes that Appellants do not have standing to challenge the Bankruptcy Court's Revised Rule 2019 Orders.  As Appellees point out, the Rule 2019 Orders have no effect, unless (1) a plan of reorganization is first conceived, approved by creditors and confirmed, and (2) payment is sought from the Appellants under the respective insurance policies they issued to the Debtors. Appellants direct the Court to Baron & Budd for the proposition that insurers have standing to challenge Rule 2019 orders; however, Baron & Budd involved a plan which was not insurance neutral.  321 B.R. at 159.  In Combustion Engineering, the Third Circuit recognized that insurance neutral plans are possible, and that an insurer does not have standing to challenge such insurance neutral provisions of a plan.  391 F.3d at 218.  In this case, plans have not yet been conceived, and therefore, any impact that the Revised Rule 2019 Orders may have on Appellants is contingent and speculative.

Appellants also contend that they suffer a current financial impact from the Revised Rule 2019 Orders, because they must file a motion in the Bankruptcy Court to gain access to the Rule 2019 information submitted.  The Court is not persuaded that this is

the type of direct, pecuniary interest contemplated by the

"aggrieved person" test.  These incidental costs apply to anyone

seeking access to the Rule 2019 information, and if this injury

were enough, it would confer standing on anyone to challenge the

Rule 2019 Orders.  Accordingly, the Court is not persuaded that

Appellants have standing to challenge the Rule 2019 Orders at

this juncture.[1]

B.   Whether The Bankruptcy Court Erred In Issuing Its
     Revised 2019 Orders

In the alternative, even if the Court concludes that

Appellants have standing to challenge the Revised Rule 2019

Orders, the Court concludes that the Bankruptcy Court did not err

in permitting exemplars to be filed or in restricting access to

the Rule 2019 information.[2]  Rule 2019 provides, in pertinent

---

[1]    Appellees also contend that this matter is not ripe for
adjudication, because Appellants have not moved for and been
denied access to the Rule 2019 information.  However, the Court
is not persuaded that such a motion is a necessary prerequisite
to the ripeness of this appeal, because Appellants have
challenged that very procedure.  Nevertheless, the Court also
concludes that this matter is not ripe, because any injury
suffered by Appellants is speculative.  See e.g. Peachlum v. City
of York, 333 F.3d 429 (3d Cir. 2003) (requiring party to be
genuinely aggrieved to establish ripeness).

[2]    See ISPCO Steel (Alabama), Inc. v. Blaine Constr.
Corp., 371 F.3d 150 (3d Cir. 2004) (concluding that appellant
lacked standing, but considering in the alternative the
substantive issues raised); Wind River Multiple Use Advocates v.
ESPY, 85 F.3d 641, 1996 WL 223925 (10th Cir. 1996) (collecting
cases and recognizing that "[c]ourts routinely make alternative
decisions on the merits while simultaneously holding that a
plaintiff lacks standing to sue," because "[t]his practice is in
the best interest of judicial economy and does not violate the

6

part,

> In a . . . chapter 11 reorganization case . . . every
> entity . . . representing more than one creditor . . .
> shall file a verified statement setting forth (1) the
> name and address of the creditor . . . ; (2) the nature
> and amount of the claim . . . and the time of
> acquisition thereof unless it is alleged to have been
> acquired more than one year prior to the filing of the
> petition; (3) a recital of the pertinent facts and
> circumstances in connection with the employment of the
> entity  . . . , and (4) with reference to the time of
> the employment of the entity, . . .  the amounts of
> claims or interests owned by the entity . . . the times
> when acquired, the amounts paid therefor, and any sales
> or other disposition thereof. The statement shall
> include a copy of the instrument, if any, whereby the
> entity . . .  is empowered to act on behalf of
> creditors . . . .

The purpose of Rule 2019 is to ensure that plans of
reorganization are negotiated and voted upon by people who are
authorized to act on behalf of the real parties in interest.  9
Lawrence P. King, et al., <u>Collier on Bankruptcy</u> § 2019.05[2]
(15th ed. 2004).  It has been recognized that Rule 2019 need not
always be strictly applied.  <u>Collier on Bankruptcy</u>, supra at §
2019.02, 2019.04[4].

In the Court's view, the Revised 2019 Orders issued by Judge
Fitzgerald in this case comport with the requirements of Rule
2019, while taking into consideration the complexities of mass
tort litigation.  As Rule 2019(b) suggests, the operative portion
of the agreements deposited under Rule 2019(a) are the

_____

case and controversy requirement of Article III of the United
States Constitution").

representation provisions.  Further, Rule 2019(b) vests the

Bankruptcy Court with the discretion to determine whether there

has been a failure to comply with the Rule 2019(a) requirements.

See Fed. R. Bankr. P. 2019(b).  Accordingly, the Court concludes

that the Bankruptcy Court did not err in requiring exemplars to

be filed under Rule 2019 and in concluding that such exemplars

were sufficient to demonstrate compliance with Rule 2019.

In addition, the Court concludes that the Bankruptcy Court

did not abuse its discretion in declining to post the Rule 2019

information on the electronic docket and making the Rule 2019

information available upon motion of a party and order of the

Court.  Section 107(a) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a
> paper filed in a case under this title and the dockets
> of a bankruptcy court are public records and open to
> examination by an entity at reasonable times without
> charge.

Although Section 107(a) evidences a strong desire by Congress to

preserve the public's right to access judicial records, that

right is not absolute.  Video Software Dealers Assoc. v. Orion

Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24 (2d Cir.

1994).  Courts have supervisory power over their records and

files and may deny access to those records and files to prevent

them from being used for an improper purpose.  Nixon v. Warner

Comm., Inc., 435 U.S. 589, 597-598, n.8 (1978).  In this case,

the Bankruptcy Court did not seal the Rule 2019 information as

Appellants contend, rather, the Bankruptcy Court is regulating
access to the information because of privacy concerns related to
the electronic case filing system.  As Judge Fitzgerald explained
in the Owens-Corning bankruptcy in which she entered a Rule 2019
order substantively identical to the Orders at issue here:

> This order, in my view, does everything and probably
> more than it needs to do.  It provides for protection
> of the parties' rights to ask us [for] this information
> by simply filing a motion with this Court telling me
> why you want it.  And I don't think that's
> inappropriate.  The problem that the Courts wrestle
> with with electronic case filing is just that.
> Everything gets spread on the public docket and that is
> not appropriate.  That's not what the electronic case
> filing system was intended to do where privacy concerns
> are involved.  It was intended to  make access to
> relevant information more widely available to parties.

Docket No. 12968, In re Owens Corning, et al., Case Nos. 00-3837-
3854 (JFK) at 55 (emphasis added).  In the Court's view, Judge
Fitzgerald's Rule 2019 Orders strike the appropriate balance
between maintaining the public's right to access the Rule 2019
information and ensuring that the information is not misused.
Accordingly, the Court concludes that the Bankruptcy Court did
not err in declining to post the Rule 2019 information on the
electronic docket and in permitting access to that information by
motion of the parties and order of the Court.

**IV.   CONCLUSION**

For the reasons discussed, the Court will dismiss this
appeal based on Appellants' lack of standing, and in the
alternative, affirm the October 22, 2004 and October 25, 2004

Revised 2019 Orders issued by the Bankruptcy Court.

An appropriate Order will be entered.